UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08-20009 |
|         Plaintiff, | Mark A. Goldsmith |
| v. | United States District Judge |
| MICHAEL SLOAN MULLER, | Michael Hluchaniuk |
| | United States Magistrate Judge |
|         Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION
DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)(2) (Dkt. 60)**

**I.     PROCEDURAL HISTORY**

Defendant was originally charged with committing a crime in a complaint filed on January 7, 2008.  (Dkt. 1).  An indictment was returned on January 9, 2008, charging defendant and co-defendant Terry Strauss with three counts of armed bank robbery (on January 5, 2008 - Count 1; on December 7, 2007 - Count 3; and on September 24, 2007 - Count 5) and three related counts of using, carrying and brandishing a firearm during the commission of a crime of violence. (On January 5, 2008 - Count 2; on December 7, 2007 - Count 4; and on September 24, 2007 - Count 6).  Defendant tendered a plea of guilty pursuant to a Rule 11 agreement on June 3, 2008.  (Dkt. 31).  Certain sentencing issues were contested and District Judge Sean F. Cox entered an order on October 16, 2008, adopting the

sentencing guideline calculations contained in the Presentence Report. (Dkt. 36). The Rule 11 agreement was subsequently rejected by Judge Cox and defendant was allowed to withdraw his guilty plea on November 18, 2008.

A second Rule 11 agreement was negotiated and defendant entered a guilty plea pursuant to that agreement on December 17, 2008. (Dkt. 40). The plea agreement called for defendant to plead guilty to Count 1 and a lesser included offense to Count 2. The lesser included offense to Count 2 was created by eliminating the brandishing element of the original charge which decreased the statutory mandatory minimum, consecutive, sentence to five years from seven years. 18 U.S.C. § 924(c)(1)(A)(i) and (ii). The agreement also included a provision that the armed bank robbery offenses from September 24, 2007, and December 7, 2007, would be included in the "relevant conduct" associated with the plea agreement. The "agreed guideline range" for Count 1 was 87-108 months and for Count 2 was 60 months, consecutive. (Dkt. 40, Pg ID 131). Defendant waived his right to appeal his conviction, either directly or pursuant to 28 U.S.C. § 2255, if the sentence did not exceed the maximum allowed by the agreement. (Dkt. 40, Pg ID 133-34).

Defendant was sentenced on January 28, 2009, and the judgment as to him was entered on February 9, 2009. (Dkt. 42). Defendant was sentenced to a term of 108 months as to Count 1 of the indictment and 60 months, consecutively, as to

Count 2 of the indictment, which was consistent with the terms of the Rule 11 agreement. On December 11, 2009, defendant and his co-defendant sent a letter to the court claiming an error in their sentencing. (Dkt. 44). Judge Cox gave the defendants the opportunity to have their letter construed as a motion under 28 U.S.C. § 2255, but their response was not clear and Judge Cox did not consider their letter as a petition under § 2255. By order entered on May 18, 2010, Judge Cox denied any relief based on the December 11, 2009, letter. (Dkt. 53). An appeal was taken from Judge Cox's order and the appeal was eventually dismissed on September 23, 2010. (Dkt. 59). The present motion was filed on March 4, 2011. (Dkt. 60). The motion was referred to the undersigned on October 13, 2011. (Dkt. 61).

As set forth in detail below, the undersigned **RECOMMENDS** that defendant's motion be **DENIED** because the Court does not have the authority to modify a sentence under 18 U.S.C. § 3582(c)(2) where defendant's sentencing range has not been subsequently lowered by the Sentencing Commission and defendant's motion is otherwise meritless.

## II.   ANALYSIS AND CONCLUSION

Defendant claims entitlement to a reduction in his sentence pursuant to the terms of 18 U.S.C. § 3582(c)(2). Section 3582(c) provides that a sentence of imprisonment can only be modified under certain specified circumstances

including where "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has **subsequently** been lowered by the Sentencing Commission ..." § 3582(c)(2). (Emphasis added).

Defendant claims that he received an increase in the offense level for Count 1 of the indictment based on "brandishing" a firearm during commission of the offense and that such an increase is improper in that he also pled guilty to Count 2, use of a firearm during commission of a crime of violence, and the increase, or enhancement of the offense level for Count 1 is not proper under those circumstances. Defendant relies on Amendment 599 for his argument, which defendant says is retroactively applicable to his sentencing in January of 2009. (Dkt. 60, Pg ID 298).[1]

The fundamental flaw in defendant's argument is that Amendment 599 was effective on November 1, 2000, a number of years before defendant's sentencing. Guidelines Manual, Appendix C - Vol. II, pp. 69-71. The terms defendant relies on in support of his argument were in effect at the time of his sentencing and therefore the requirements of § 3582(c)(2) cannot be met because there were no **subsequent** changes in the applicable guidelines that would have lowered the guideline range after defendant's sentencing. *See* Application Note 4 to U.S.S.G. §

---

[1] The issues in this motion are clear based on the record in this matter and therefore, it was not necessary to request a response from the government prior to issuing a report and recommendation as to defendant's motion.

2K2.4 (2008). Without a modification of the guidelines subsequent to the imposition of defendant's sentence, the court has no authority to modify defendant's sentence. The undersigned therefore recommends that defendant's motion be denied.

Additionally, even if defendant's motion were to be considered on the merits, he is not entitled to any relief because there was no error in the calculation of defendant's guideline range. Defendant's first claim of error is that the guideline calculation for Count 1 erroneously included an enhancement for brandishing a firearm which, according to defendant, should not have been included due to the conviction for Count 2, a § 924(c) offense, which was associated with the bank robbery conviction described in Count 1. (Dkt. 60, Pg ID 303). The guideline worksheet for Count 1 that was attached to the Rule 11 Agreement (Dkt. 40, Pg ID 136) as well as the relevant portion of the Presentence Report (attached and filed under seal)[2] clearly demonstrate that there was no enhancement of the guideline score for Count 1 based on a firearm being brandished. Defendant is simply wrong with respect to his factual claim in this regard. No enhancement for brandishing a firearm was added regarding Count 1

---

[2] The attached portion of the Presentence Report is filed under seal because it is not for public disclosure and has been placed in the vault in the Clerk's Office. A copy of the sealed attachment has been served on defendant and the government.

because, as correctly noted by defendant, when a defendant is convicted of a § 924(c) offense and for an "underlying offense" the "brandishing" specific offense characteristic for the underlying offense, § 2B3.1(b)(2)(C), is not applied. *See* Application Note 4 to § 2K2.4. However, based on the terms of the plea agreement, which provided the other two bank robberies would be considered relevant conduct to the offense of conviction, those offenses were scored in the worksheets attached to the plea agreement and in the Presentence Report.[3] Enhancement for the "brandishing" of the firearm used in those two bank robberies were included in the scoring for those offenses because there was no corresponding conviction under § 924(c) related to those offenses. Including the "brandishing" enhancement under these circumstances is specifically authorized by the guidelines. "However, if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction." *See* Application Note 4 to §

---

[3] The guidelines are normally calculated based on the offense defendant was actually convicted of but where there is a stipulation that establishes a more serious offense the guidelines are calculated based on the more serious offense. § 1B1.2. The provision in the Rule 11 agreement that allowed for the two additional bank robberies to be considered as part of the relevant conduct in this case triggers the application of this part of § 1B1.2 here. Judge Cox previously ruled exactly that when he addressed a related question at an earlier stage of this case. (Dkt. 36, Pg ID 118-21).

2K2.4.

Defendant also claims there was only one firearm associated with all three bank robberies. (Dkt. 60, Pg ID 302). While this would appear to be true, it has absolutely no impact on the guideline calculation or the overall sentence imposed. It is not the possession of a single firearm that forms the basis for the § 924(c) offenses. The gravamen of such offenses is the "use" of the firearm and multiple uses of the same firearm result in the commission of multiple offenses.[4]

Defendant also apparently objects to a 1 point enhancement under § 2B3.1(b)(1) to the calculation of the offense level for the bank robbery offenses. (Dkt. 60, Pg ID 304). The basis of the objection is not clear, but defendant claims he does not know where "this one point comes from." *Id*. The plea agreement provided that defendant agreed to the calculation of his guideline scoring, so his current objection to any aspect of the scoring is waived by his prior agreement. The relevant portion of the Presentence Report indicates the defendant and his co-defendant stole the firearm used in the robberies from a neighbor and that is the basis of this additional point pursuant to § 2B3.1(b)(6). Presentence Report, ¶¶ 14,

---

[4] It is clear that each use of a firearm to commit a predicate offense is a separate crime and subject to separate sentences that are consecutive to the sentences for other offenses including other §924(c) offenses. *United States v. Clark*, 634 F.3d 874, 877 (6th Cir. 2011). Second and subsequent convictions for a § 924(c) offense require the imposition of 25 year, mandatory consecutive sentence even if the convictions are in the same proceeding. *Id*.

27, 36, and 45. Section 2B3.1(b)(6) provides for a one point enhancement where "a firearm ... was taken" during the commission of the offense. The facts reflected in the Presentence Report indicate that was clearly the case here. This additional point is properly included in the scoring for these offenses under the broad definition of relevant conduct found in § 1B1.3. Relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant ... that occurred during the commission of the offense or conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1)(A).

    The last issue raised by defendant relates to the claim that he was improperly scored for the offense based on the use of a guideline for 18 U.S.C. § 1344 (bank fraud). (Dkt. 60, Pg ID 304-05). Again, defendant is simply wrong about this claim. Undoubtedly, the basis of defendant's claim is the unfortunate, erroneous reference to § 1344 on two pages of the guideline worksheets that were attached to the plea agreement. (Dkt. 40, Pg ID 138-39). While these pages refer to § 1344 as the statute that was violated, it is clear that it is an error and the guideline references on each of those two pages properly relate to a robbery offense, not a bank fraud offense. The Presentence Report does not contain the inaccurate reference to bank fraud.

### III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that defendant's motion be **DENIED** because the Court does not have the authority to modify a sentence under 18 U.S.C. § 3582(c)(2) where defendant's sentencing range has not been subsequently lowered by the Sentencing Commission and defendant's motion is otherwise meritless.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 31, 2011  s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on October 31, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Nancy A. Abraham AUSA, and that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Michael Sloan Muller, ID# 41762-039, ALLENWOOD LOW FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. Box 1000, White Deer, PA 17887.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov